UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAWN MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-1087-P |
| ) | |
| KILOLO KIJAKAZI, ) | |
|  Acting Commissioner of the ) | |
|  Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I.  Administrative History and Final Agency Decision

Plaintiff protectively filed her application for disability insurance benefits on February 12, 2014. AR 19. Plaintiff alleged she became disabled on January 1, 2014. *Id.* The Social Security Administration denied Plaintiff's application on May 16, 2014, *see id.*, and on reconsideration on October 21, 2014. *Id.*

Plaintiff appeared with counsel and testified at an administrative hearing conducted before an Administrative Law Judge ("ALJ") on May 4, 2016. *Id.* The ALJ issued a decision in which she found Plaintiff was not disabled within the meaning of the Social Security Act. AR 16-39. Following the Appeals Council's denial of Plaintiff's request for review, Plaintiff filed an appeal with this Court, which reversed Defendant's decision and remanded the matter for further administrative proceedings. *Mitchell v. Berryhill*, No. CIV-17-889-G, 2019 WL 1199859 (W.D. Okla. March 14, 2019).

Following remand, a second administrative hearing was held on July 17, 2020. AR 1166-1200. Plaintiff, a vocational expert ("VE"), and a medical expert testified during the hearing. *Id.* On July 24, 2019, the ALJ issued a decision in which she again found Plaintiff was not disabled within the meaning of the Social Security Act. AR 1113-1135. Following the agency's well-established sequential evaluation procedure, the ALJ found at the first step that Plaintiff did not engage in substantial gainful activity from "January 1, 2014, through her date last insured of December 31, 2014." AR 1119. At the second step, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, status post 2008 lumbar fusion, hypertension, osteoarthritis, degenerative joint disease in hip and shoulders bilaterally, obesity, asthma, and depressive disorder. *Id.* At the third step, the ALJ found these impairments were not *per se* disabling as

Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment. *Id.*

At step four, relevant to this appeal, the ALJ found Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with certain exceptions, including that Plaintiff can only frequently perform overhead reaching bilaterally and only occasionally stoop, crouch, and crawl. AR 1122. Relying on the VE's testimony as to the ability of a hypothetical individual with Plaintiff's work history, age, education, and determined RFC, the ALJ concluded Plaintiff could not perform her past relevant work. AR 1133. Continuing to rely on the VE's testimony, the ALJ also concluded Plaintiff could perform the jobs of document specialist, touchup screener, and charge account clerk, each of which exist in significant numbers in the national economy. AR 1134. Based on this finding, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, from January 1, 2014 through the date of last insured, December 31, 2014. AR 1135.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. *See* 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. <u>Issues Raised</u>

Plaintiff raises four issues on appeal. First, Plaintiff contends the ALJ erred in her consideration of the medical opinions of Dr. Michael Wright and Dr. Robert Remondino, specifically with regard to an overhead reaching limitation. Doc. No. 16 ("Op. Br.") at 4-8. Second, Plaintiff asserts the ALJ erred by not including a limitation of occasional bending in the RFC. *Id.* at 8-10, 12. Third, Plaintiff argues that in her hypothetical to the VE, the ALJ should have included either a requirement that Plaintiff use a cane or noted that she can only ambulate slowly. *Id.* at 10-12. Finally, Plaintiff contends the ALJ erred in finding Plaintiff's headaches constitute a non-severe impairment. *Id.* at 12-15.

III. <u>General Legal Standards Guiding Judicial Review</u>

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means-and means only-'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that

evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (citations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV.  Overhead Reaching Limitation

Plaintiff's first issue on appeal arises from the portion of the ALJ's RFC that indicates Plaintiff can perform "frequent overhead reaching." In his opinion, dated May 21, 2009, Dr. Wright found Plaintiff was capable of, *inter alia*, "limited overhead work." AR 498. Dr. Wright did not offer any elaboration as to what "limited overhead work" should entail. *Id.* Following a discussion of Dr. Wright's opinion, the ALJ stated that his opinion was "given great weight and consideration as consistent with the contemporaneous examination." AR 1126.

In December 2009, Dr. Remondino indicated Plaintiff was released from his care with, *inter alia*, a "restricted overhead work" limitation. AR 476. Similar to Dr. Wright, Dr. Remondino did not offer any further description of what "restricted overhead work" meant. AR 476. With regard to this portion of Dr. Remondino's

opinion, the ALJ stated, "It is found that the restricted overhead work as found by Dr. Remondino is not well defined; however, the overall evidence warrants frequent overhead reaching as identified in the claimant's [RFC]." AR 1126-27.

Plaintiff argues the ALJ should have interpreted "limited" and/or "restricted" as "occasional overhead reaching." Further, because the ALJ gave the opinions great weight, Plaintiff asserts she should have determined in the RFC that Plaintiff was limited to occasional overhead reaching. The Court disagrees.

As an initial matter, the Court notes that "[a]ccording a medical opinion great weight does not mean the ALJ must adopt every single aspect of the opinion." *Bradford v. Berryhill*, No. CIV-18-1008-HE, 2019 WL 3417368, at *3 (W.D. Okla. April 22, 2019) (quoting *McLaughlin v. Berryhill*, No. CIV-17-794-W, 2018 WL 2771567, at *5 (W.D. Okla. May 18, 2018) (citing *Sellers v. Berryhill*, No. 3:16-CV-339-TAV-CCS, 2018 WL 989563, at *4 (E.D. Tenn. Jan. 22, 2018) ("[E]ven if the ALJ had assigned great weight to the entire opinion in general, the ALJ was not required to incorporate every limitation opined by Dr. Summers into the RFC."); *Nash v. Comm'r of Soc. Sec'y Admin.*, No. 1:16-2478-RBH-SVH, 2017 WL 1906965, at *12 (D.S.C. April 27, 2017) ("[S]everal courts have recognized that an ALJ is not required to adopt every limitation in a medical source opinion to which he purports to give great or significant weight as a whole."); *Fischer v. Colvin*, No. 2:14 CV 104 ACL, 2016 WL 1170972, at *7 (E.D. Mo. March 25, 2016) ("[T]he

ALJ did not assign 'controlling weight' to Dr. Perez-Magnelli's opinion, but instead afforded it 'great weight.' In assigning 'great weight' to Dr. Perez-Magnelli's opinion, the ALJ was not obligated to adopt every opinion found by Dr. Perez-Magnelli.")).

Regardless, neither physicians' opinion contains findings that definitively contradict the ALJ's RFC regarding frequent overhead reaching. Plaintiff fails to cite any legal authority to support her conclusory statement that "restricted" and "limited" are "more closely akin to occasional, but certainly not frequent." Op. Br. at 8 (quotations omitted). Moreover, contrary to Plaintiff's assertion, the ALJ did not conclude that Dr. Remondino meant "frequent" in stating that Plaintiff's ability to reach overhead was "restricted." Op. Br. at 7. Instead, the ALJ specifically stated that, in this regard, "restricted" in Dr. Remondino's opinion was "not well defined," and that it was the overall evidence in the record that warranted an RFC allowing for frequent overhead reaching. AR 1126-27.

Indeed, in reviewing the ALJ's decision, it is clear that in determining the RFC, the ALJ did not rely solely on the opinions of either Dr. Wright or Dr. Remondino but instead on the record as a whole. As discussed in the ALJ's decision, during the examination conducted on the date of Dr. Wright's rendered opinion, Plaintiff reported "improved neck complaints and some mechanical neck and upper back pain," and Dr. Wright found "5/5 motor examination throughout both upper

extremities," no sensory deficit, and 80% preserved range of motion in her cervical spine. AR 1126 (citing AR 498). The ALJ also discussed more recent evidence in the record.

> [In 2014, e]xamination[s] of the cervical spine showed normal flexion, extension, and rotation. Spurling's was negative for neck and upper back pain bilaterally. There was no tenderness. There were no muscle spasms. Lumbar spine exam[s] showed normal flexion, extension, and rotation. . . . Upper extremity neurologic exam showed normal grip strength, flexion and extension at the wrist, flexion at the elbow, and abduction and adduction of the shoulders, bilaterally. Sensation was grossly intact in the upper extremities. Reflexes are 2+ and [b]risk. Hoffman's sign was absent bilaterally. . . .

AR 1129; *see also* AR 702, 707, 712, 717, 721 (examination records supporting ALJ's discussion of the record).

The record provides substantial evidence to support the ALJ's RFC permitting Plaintiff to perform frequent overhead reaching. Further, the ALJ linked her conclusions to the evidence of record discussed in the decision. Accordingly, the Court finds Plaintiff's assertion of error is without merit.

V.     Bending

Plaintiff also argues the ALJ erred by not incorporating a limitation related to bending in the RFC. In asserting this issue, Plaintiff relies on Dr. Wright's opinion that Plaintiff could "occasionally bend." Similar to the above argument, Plaintiff contends that because the ALJ gave Dr. Wright's opinion great weight, she should have included a corresponding limitation to bending in the RFC.

Dr. Wright opined that Plaintiff should be limited to "occasional bending and stooping." AR 498. The ALJ specifically considered this opinion in her decision stating, "Dr. Wright released the claimant as having achieved a point of maximum medical improvement with permanent limitations that included occasional bending and stooping . . . . Accordingly, occasional postural limitations . . . are reflected in the claimant's [RFC]." AR 1126.

In the RFC, the ALJ limited Plaintiff to occasional stooping, kneeling, crouching, and crawling. AR 1122. Although bending "is not listed as a physical demand component" in the Dictionary of Occupational Titles ("DOT")[1], stooping is "defined as bending the body downward and forward by bending the spine at the waist" and crouching "is defined as bending the body downward and forward by bending the legs and spine." *Morris v. Barnhart*, 05–1376–MLB, 2006 WL 4045935, at *4 (D. Kan. Nov. 21, 2006); *see also Ritchie B. v. Berryhill*, No. EDCV 18-0457-JPR, 2019 WL 1571278, at *5 (C.D. Cal. Apr. 11, 2019) ("Bending is not addressed by the DOT, but SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983), defines stooping and crouching as types of bending."). *See also Ricketts v. Berryhill*, No. CIV-17-529-STE, 2017 WL 6624025, at *4 (W.D. Okla. Dec. 28, 2017) ("[Plaintiff]

---

[1] The DOT, published by the Department of Labor, is one of several publications from which the Social Security Administration "will take administrative notice of reliable job information." 20 C.F.R. § 404.1566(d)(1).

admits that since . . . the jobs [cited by the VE and adopted by the ALJ] do not require stooping or crouching, the failure to include the bending limitation in the RFC is, indeed, harmless error." (quotations omitted)); *Lopez v. Apfel*, No. 98-0961 JP/WWD, 1999 WL 35809526, at *5 (D.N.M. June 4, 1999) ("Social security regulations regard "bending" as a general term. It includes movements such as stooping, kneeling, crouching, and crawling as "progressively more strenuous forms of bending parts of the body.").

In step five, the ALJ determined Plaintiff could perform the jobs of document specialist, touchup screener, and charge account clerk. AR 1134. None of those jobs require stooping or crouching. *See* DOT § 249.587-018, 1991 WL 672349 (Document Preparer); DOT § 726.684-110, 1991 WL 679616 (Touchup Screener); DOT § 205.367-014, 1991 WL 671715 (Charge Account Clerk). Thus, presuming without deciding the ALJ erred in not including a limitation to occasional bending in the RFC, any such error was harmless. *See Morris*, 2006 WL 4045935, at *4 ("[A]lthough the ALJ erred by failing to include in the hypothetical question the specific limitation of being rarely able to bend, the court finds that this [] constitutes harmless error based on the fact that stooping and crouching (and therefore bending) are activities or conditions which do not exist in any of the six jobs identified by the VE and the ALJ according to the [DOT].").

VI. Ambulation Limitations

Plaintiff also contends the ALJ erred by either not including the use of an assistive device, specifically a cane, in the RFC or failing to include in the hypothetical to the VE that Plaintiff walks very slowly. Op. Br. at 10-12. In asserting this argument, Plaintiff relies on two specific portions of the record. As the ALJ specifically noted in her decision, during Plaintiff's 2016 administrative hearing, Plaintiff "testified that she occasionally uses a cane that was prescribed after surgery in 2008." AR 1123. Plaintiff also relies on 2014 examination notes by consultative examiner, Dr. Robin Hall, in which Dr. Hall indicated Plaintiff "ambulates in a steady and safe gait at a very slow speed without the use of any assistive devices." AR 687. Based on these portions of the record, Plaintiff asserts, "If the cane was prescribed in 2008, and Ms. Mitchell is still having ambulation problems in 2014 at the time of the [consultative examination], this Court should deem it a medical necessity that should have been included in the RFC." Op. Br. at 11.

As an initial matter, Plaintiff has not set forth the proper standard to find an assistive device necessary. Neither the ALJ nor the Court is permitted to render medical opinions. *See, cf., Romo v. Comm'r of Soc. Sec'y*, 748 F. App'x 182, 186 (10th Cir. 2018) ("An 'ALJ overstep[s] his bounds [when he enters] the province of medicine.'" (quoting *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996)). Instead, "Social Security Ruling 96-9p provides that assistive devices such as canes and

walkers will be found medically necessary when there is 'medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). Furthermore, a prescription is not required for a hand-held assistive device to be medically necessary, only 'medical documentation establishing the need for the device.'" *Staples v. Astrue*, 329 F. App'x 189, 191 n.1 (10th Cir. 2009)." *Smith v. Kijakazi*, No. CIV-20-1035-STE, 2021 WL 6051106, at *3 (W.D. Okla. Dec. 1, 2021).

Although a cane was prescribed for Plaintiff's use following a 2008 back surgery, as the ALJ noted in her decision, by 2009, Plaintiff "ambulated with a normal heel/toe, toe/toe/ heel/heel gait." AR 1125 (citing AR 508). Plaintiff has not presented any evidence indicating that her continued use of a cane was either prescribed or medically necessary.

Plaintiff also argues that based on Dr. Hall's notation within the consultative examination record, *supra*, the ALJ should have included slow ambulation in her hypothetical to the VE. In other words, Plaintiff relies on a single examination to support this argument. It is well established an ALJ's decision must be supported by substantial evidence found in the record in its entirety. In the decision, the ALJ discussed medical evidence of record indicating Plaintiff has exhibited normal ambulation during the relevant time period. AR 1125, 1128 (citing 508, 681, 706-

12

07). Based on this, the Court concludes substantial evidence supports the ALJ's RFC and the hypothetical presented to the VE. Accordingly, Plaintiff's assertion of error is without merit.

VII.   Headaches

In Plaintiff's final assertion of error, she argues the ALJ erred in her determination that Plaintiff's headaches are a non-severe impairment. Plaintiff argues the ALJ should have found her headaches constituted a severe impairment.

The regulations require an ALJ to consider at step two "the combined effect of all of [a plaintiff's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 416.923(c). The Tenth Circuit has held, however, that the failure to identify an impairment as severe at step two is harmless error if the ALJ proceeds to the next step in the sequential evaluation. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008); *Hill v. Astrue*, 289 F. App'x 289, 292 (10th Cir. 2008); *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007). Accordingly, even if Plaintiff's headaches met the requirements for a severe impairment at step two, because the ALJ found that Plaintiff had at least one severe impairment and then proceeded to step three, the error is harmless.

VIII. <u>Conclusion</u>

Based on the foregoing analysis, the decision of the Commissioner is affirmed. Judgment will issue accordingly.

ENTERED this  15th  day of July, 2022.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE